## No. 680

### IND. COMM. v. ZIELINSKI

No. 19907. Supreme Court

On motion to certify. Dock. June 18, 1926; 4 Abs. 404.

1283. WORKMEN'S COMPENSATION — Within the purview of 1465-72 A. G. C. may a claim for compensation be filed and allowed after the expiration of two years from the injuries where the alleged dependants reside in a foreign country?

It appears that one Stanley Zielinski who was in the employ of the city of Cleveland on April 10, 1920 was killed in the course of employment on this date.· The city notified the Industrial Commission of the death on April 23, 1920 and on May 14, 1920 the Commission ordered the medical, hospital, and funeral expenses to be paid and recommended that the claim be continued upon the question of dependency.

Amiela Zielinski, the widow, on August 23, 1922, filed an application for compensation with the Commission. The dependants of the deceased at the time of the death and at the time of the filing of the application resided in Poland. The commission denied the application for compensation.

Although the brief does not disclose any actions filed in the Common Pleas or Court of Appeals yet the inference is that through court action the judgment for compensation was obtained.

The Commission in the Supreme Court contends:

1. That 1465-72 A. G. C. is a bar to such recovery because the application for compensation was not filed within the time provided by statute.

2. That if, under 1465-108 GC. the counsel to the foreign country is negligent in obtaining the information necessary such fact will not relieve the application from the bar provided by statute even though a hardship is thereby worked upon the dependents on the theory that the Commission should not be accountable for delay and negligence on the part of·counsel to perform his duties.

Attorneys—E. C. Stanton and G. R. Wheeler for Commission; J. M. Pindras and Dunlap, Stevens & Dunlap for Zielinski; all of Cleveland.

## No. 681

### MORELLI v. GUERINOT

No. 19910. Supreme Court

On motion to certify. Dock. June 19, 1926; 4 Abs. 404.

757. MEDICINE & SURGERY—Where an employee of a bank is stabbed in the neck by a bandit in an attempted robbery and said employee is thereby rendered helpless to authorize medical attention and the president of the bank thereupon instructs a surgeon to perform an operation, is said president liable for the charge made by the doctor for the per-·formance of the operation?

Dr. Albert J. Guerinot filed this action originally in the Jefferson Common Pleas against Vincent A. Morelli for compensation for services rendered in the form of a surgical operation on an employee of the bank of which Morelli was president.

It appears that one Carnahan was a messenger in the employ of the Morelli State Bank and while carrying a pouch of money in Steubenville was stabbed by a bandit in an at-. tempted robbery. The wound resulting from this occurrence severed Carnahan's esophagus and trachea thereby rendering him incapable of talking or acting for himself. Dr. Guerinot was called from Pittsburgh and upon a discussion with Morelli was instructed by him to perform an operation.

A bill for $500 was subsequently sent Carnahan and a remittance of $45 made. The judgment of the Common Pleas in favor of Guerinot was affirmed by the Court of Appeals.

Morelli in the Supreme Court contends:

1. He acted for Carnahan because the wound rendered said Carnahan unable to act for himself and that he is therefore not personally liable.

2. That there is no implied promise as a matter of law that would subject Morelli to the payment for these services.

3. That the fact that a payment of $45 was accepted on said·account makes it an account stated between Guerinot and Carnahan and would therefore absolve Morelli from any liability.

4. That the court erred in refusing to instruct the jury that as a matter of law, if it found that Guerinot rendered services for Carnahan at the request of Morelli the verdict should be for Morelli.

5. That Carnahan was primarily liable for the services and therefore even though Morelli promised to pay the debt any liability would be barred by the statute of frauds because the same was not in writing.

Attorneys—T. Rockand and F. A. Stone for Morelli; Cohen and Gardner for Guerinot; all of Steubenville.